IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WAYNE GORDON,
    Plaintiff,

VERSUS

LEON REGAN, CITADEL BUILDERS,
LLC, XYZ INSURANCE COMPANY; et al.,
    Defendants.

Case No.: 15-1979

SECT. C MAG. 1

PETITION FOR TORT DAMAGES
JURY TRIAL DEMANDED

**COMES NOW,** Plaintiff Wayne Gordon, in propria persona, ex abundanti cautela, moves for cause of action against Defendants Leon Regan, Citadel Builders, LLC; XYZ Insurance Company, et al., would state:

PRELIMINARY STATEMENT

This is a civil action filed by Wayne Gordon for monetary damages, exemplary damages, punitive damages, declaratory judgment; and injunctive relief under 42 U.S.C. § 1983, alleging denial of equal protection clause inter alia, in violation of the 5th and 14th Amendments to the United States Constitution. Moreover, plaintiff alleges the tort of deliberate indifference and negligence pertinent to loss and injuries.

JURISDICTION

This Court has jurisdiction over plaintiff's claims of violations of federal constitutional rights pursuant to 28 U.S.C. §§ 1331; 1332(a)(1)(2). Moreover, this Court has supplemental jurisdiction over plaintiff's state law tort claims under 28 U.S.C. § 1367.

## PARTIES

Plaintiff is an adult citizen of the Parish of Orleans, State of Louisiana. At all times material hereto, Wayne Gordon was initially employed by and for Citadel Builders when defendants was first informed and made aware that the violations occurred. Moreover, the plaintiff was employed for Citadel Builders at all times relevant during the events described in this suit.

The defendant is an adult citizen who is believed to be from the State of Alabama. Defendant Leon Regan is superintendent for Citadel Builders and is responsible for supervising, screening and interviewing all potential employees and employees for Citadel Builders; inter alios. He is a state actor and is sued in his individual, official, personal and/or private capacity; and in whatever capacity is appropriate.

The defendants are adult resident citizens of the State of Louisiana. Defendants Citadel Builders, LLC, is a company that operates in Louisiana, etc., and is responsible for promoting employees' Rules and Regulations. Defendants are state actors and is sued in their individual, official, personal and/or private capacities; and in whatever capacity is appropriate.

The defendants are adult resident citizens of the State of Louisiana. Defendants XYZ Insurance Company is the company that underwrites on behalf of Citadel Builders. XYZ Insurance Company are the insurers for Citadel Builders, and is generally responsible ensuring Citadel would act in accordance with its policies, regulations statutes, etc., ensuring to pay any; all claims for damages under statute with which the defendants may be legally

2

liable because of any wrongful acts perpetrated by its customers. Any and all insurers whom may be eventually named in this suit are deemed state actors and are sued in their individual, official, personal and/or private capacities; and in whatever capacities are appropriate.

## NOTICE OF CLAIM

Plaintiff filed notice of claim on June 18, 2014 via certified mail article #7010 1870 0001 6710 4676. The defendants answered said notice on June 23, 2014 via Federal Express article #7703 9069 2639. Moreover, defendants responded again on August 1, 2014 via certified mail article #9171 9690 0935 0039 4074 88.

## FACTS

Approximately June 6, 2014 plaintiff was hired by Citadel Builders. However, plaintiff started working on June 10, 2014 laying cinder blocks on the job site located on the premises of McDonogh #35 High School. On that date, approximately 2:20 p.m., Leon Regan approached plaintiff within his work area asking plaintiff to pause with working and follow him to his office. Plaintiff complied and eventually appeared at Regan's office. After plaintiff closed the office's door behind himself, suddenly Regan started making comments about his penis' unsatisfactory and thereafter made reference to the plaintiff's penis, simultaneously touching/rubbed the plaintiff's trousers at the front, in which constituted sexual battery. Plaintiff then advised that he is not gay, and yet thereafter was propositioned what purports to be prevailing wages ($27.00 an hour) should the touching be continued.

Plaintiff quickly departed the office around 2:25 p.m., eventually removing himself from the job site, leaving his tools following the incident. The next day (June 11th) plaintiff returned at the site around 5:45 a.m. During observation, Mr. Regan then separated himself from Mr. Vernon, his colleague, and met plaintiff alongside the sample brick-work, and stated to plaintiff: since you (plaintiff) declined/refused, he (Regan) has the authority to reduce plaintiff's salary from $21.00 an hour. Subsequent to Regan's comments plaintiff gathered his tools and left the job site around 5:55 a.m., without returning thereto. Later during this same day the defendant contacted plaintiff via text message asking plaintiff to return to the site on Monday morning.

Thereafter, plaintiff filed a notice of claim and as a result the defendants alleges Mr. Regan denied the entire allegation made.

## DENIAL OF DUE PROCESS

At the inception plaintiff submits the equal protection clause essentially requires that all persons similarly situated be treated alike. Denial of equal protection by municiple entity or any other person acting under color of state law are actionable under 42 U.S.C. § 1983. A person acts (under color of state law) if he engages in a misuse of power, possessed by virtue state law and made possible only because the wrong-doer is clothed with authority of state law. A pattern of violations and the inadequacy of training constitutes deliberate indifference results in a constitutional violation.

Prior to June 10, 2014; and as well as during June 10th and throughout the present date herein; at all times relevant to the events described in

this suit the defendants demonstrated deliberate indifference and negligence when they collectively barred, deprived and failed to correct fair employment opportunities.

Defendant Regan has demonstrated the failure to comply with Citadel Builders' Employees Rules and Regulations (Company's Rules, @ # 6 and 7) in which barred, postponed and deprived employment opportunities, a matter that poses the risk of future injuries.

Defendants Citadel Builders has demonstrated a pattern of similar violations in which other employees were unknowingly violated-injured, in contrast to its rules, regulations, policies and/or statutes, etc.

Defendants XYZ Insurance Company has demonstrated its failure to correct and/or properly entertain/screen the unethical practices committed by Leon Regan and Citadel Builders, a matter that has pose the risk of future injuries.

## CAUSE OF ACTION

Plaintiff is entitled to relief because Mr. Regan committed an act of sexual battery. Regan owed plaintiff a duty of care but breached that duty under 42 U.S.C. § 1983. Plaintiff suffered damages and said breach of duty proximately caused the damages. Moreover, defendants (Citadel Builders) owed plaintiff a duty of care but breached said duty under § 1983. Plaintiff is entitled to direct relief and damages from Citadel's insurers pursuant to La. R.S. 22: 1269. A. B.

A battery is any harmful or offensive contact with a person that is done intentionally. The tort action of Regan in which exacerbated plaintiff's situation were done maliciously and sadistically, and constituted abridging

the rights of plaintiff by violating the 5th and 14th Amendments of the United States Constitution.

The defendants must take reasonable measures to protect, thus, the tort action of Citadel Builders, committing and justifying acts of Regan in exacerbating plaintiff's situation were done maliciously and sadistically, and constituted abridging the rights of plaintiff by violating the same United States Constitutional Amendments.

The failure and inertness of all defendants to correct and render fair employment, inter alia, and to acknowledge plaintiff's loss and injuries constitutes the tort of negligence.

The concerted tort actions of Regan, Citadel Builders, inter alios, failure and inertness to acknowledge and provide equal employment of which exacerbated plaintiff's situation were done maliciously and sadistically, and constituted deliberate indifference violating the United States Constitutional Amendments.

The concerted tort actions of all defendants described and demonstrates due process violations that constitutes deliberate indifference, inter alia.

The tort action of defendants' insurers (XYZ Insurance Company), pursuant to statutes, its failure and inertness to correct and preclude said defendants, inter alios, were done maliciously, sadistically and negligently constituting deliberate indifference.

All defendants' concerted acts described herein resulted solely under color of state law constituting negligence, maliciously wanton, surreptitiousness, carelessness, deliberate indifference, inter alia, in the course and purview of its/their employment and authority.

At all times relevant mentioned, there exists a valid and outstanding insurance policy issued by the insurers, in favor of all defendants named herein, inter alios, by which said insurers has undertaken to satisfy and pay any and all claims for damages for which the defendants may be legally liable because of any onus and wrongful acts perpetrated by its employees and/or customers. As a consequence of the events set forth within this suit, plaintiff has a direct right of action pursuant to La. R.S. 22: 1269. A.B., against said insurance company as the insurers of all defendants herein.

## DEMAND FOR JUDGMENT

**WHEREFORE**, plaintiff requests that after due proceedings had, that there be judgment in favor of **WAYNE GORDON**, and against all named **DEFENDANTS**, inter alios, through the State of Louisiana, through **XYZ INSURANCE COMPANY** and its underwriters, all businesses/corporations **(LEON REGAN and CITADEL BUILDERS, LLC)** authorized to do and doing business in the State of Louisiana, ex abundanti cautela, in their individual, official, personal and/or private capacities; and in whatever capacities are appropriate, be duly cited to appear and answer this suit; that they be served with copies through their attorneys thereof, holding them liable jointly, severally and in solido for such full sum described infra as the Jury and Court shall deem reasonable and proper, together with legal interest thereon, from judicial demand until paid, plus all costs of these proceedings, and for such further and other legal and equitable relief as the Jury and Court shall deem necessary and proper.

Moreover, plaintiff requests the Court grant the following relief:

Issue a declaratory judgment stating that:

(1) The abusive acts subjected upon plaintiff has violated his rights under the 5th and 14th Amendments to the United States Constitution and constituted a tort under federal and state law; including malfeasance, inter alia, under federal/state law.

(2) Defendant Citadel's failure and inertness to take action to curb and preclude the heinous acts subjected upon plaintiff violated his rights under the 5th and 14th Amendments.

(3) Defendants Regan and Citadel's acts in depriving reasonable employment to plaintiff's situations violated plaintiff's rights under Due Process Clause of the 5th and 14th Amendments.

(4) Defendants XYZ Insurance Company and its underwriters' failure and inertness to take action to curb and preclude the unethical practices committed through Leon Regan and Citadel Builders violated plaintiff's rights under the 5th and 14th Amendments.

Issue an injunction ordering Defendants Regan and Citadel Builders or their agents to:

(1) Remediate for plaintiff to obtain reasonable equal employment opportunities through Citadel Builders, without further retaliatory and discriminatory measures.

(2) Remediate for plaintiff to obtain and/or to retrieve any and all back payments that may and can be achieved (would have been achieved) owed to plaintiff starting from June 10, 2014 until finality of this suit.

(3) Comply forthwith, the necessary actions directed by the Court.

Issue an injunction ordering Defendants XYZ Insurance Company or their agents to:

> In its entirety, act in accordance and/or in compliance with any and all relevant and necessary federal and state regulations, policies, statutes, etc., including La. R.S. 22: 1269. A. B., inter alia, that requires payments to plaintiff.

Award monetary damages in the following amounts:

> (1) **$650,000** jointly and severally against Regan and Citadel Builders for the physical, emotional, mental, inter alia, and cognizable loss/injuries resulted from their failure and inertness to provide adequate and reasonable equal employment opportunity to plaintiff.

> (2) **$650,000** jointly and severally against Regan, Citadel Builders, XYZ Insurance Company for the physical, emotional, mental, inter alia, and cognizable loss/injuries sustained as a result of their denial of Due Process.

> (3) **The required sum**, jointly and severally against XYZ Insurance Company for the physical, emotional, mental, inter alia, and cognizable loss/injuries resulted from their failure and inertness to correct and preclude the unethical practices, inter alia, described herein.

Award exemplary damages in the following amounts:

> (1) **$300,000** each against Defendants Regan and Citadel Builders.

> (2) **$100,000** each against Defendants XYZ Insurance Company; et al.

Award punitive damages in the following amounts:

> (1) **$200,000** each against Defendants Regan and Citadel Builders.

> (2) **$150,000** each against Defendants XYZ Insurance Company; et al.

Grant any such other relief as it may appear that the plaintiff is entitled.

EXECUTED/SUBMITTED on this the  9th  day of June, 2015.

Respectfully submitted,

*Wayne Gordon*
Wayne Gordon, Pro Se
2417 Gravier Street, apt. A.
New Orleans, LA 70119
(504) 322-8411

PLEASE SERVE DEFENDANTS:

Leon Regan;

Citadel Builders, LLC
3516 Hessmer Avenue
Metairie. LA 70001;

XYZ Insurance Company, et al.
address presently unknown

CERTIFICATE OF SERVICE

I certify that on this  9th  day of June 2015, filed the foregoing with the Clerk of Court, United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, LA 70130, via hand-delivery and/or U.S. Mail first-class postage prepaid, whichever appropriate, and properly addressed as shown herein-above.

SO CERTIFIED, this the  9th  day of June, 2015.

*Wayne Gordon*
Wayne Gordon